**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALLIED VETERANS OF THE WORLD,**
**INC.:  AFFILIATE 67, ALLIED**
**VETERANS OF THE WORLD, INC.:**
**AFFILIATE 74,**

                    **Plaintiffs,**

**-vs-**                                    **Case No.  6:11-cv-155-Orl-28DAB**

**SEMINOLE COUNTY, FLORIDA,**

                    **Defendant.**

_____

## TEMPORARY RESTRAINING ORDER and NOTICE OF HEARING

THIS CAUSE came on to be heard on the Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3), filed by Plaintiffs, against Defendant, Seminole County, Florida ("the County"), pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule 4.05. Upon review of Plaintiffs' motion and the Verified Complaint, the Court hereby makes the following findings of fact:

1.  Plaintiffs are Affiliates of Allied Veterans of the World Inc., a not-for-profit Florida corporation established to promote veterans' causes.  (Compl., Doc. 1 ¶¶ 11-12).

2.  Plaintiffs operate internet centers in Seminole County, Florida where they sell internet time utilizing common desktop computers.  (Id. ¶¶ 13-15).

3. Plaintiffs offer promotional sweepstakes where customers are able to play a video game to discover whether they won the sweepstakes or not; the game, however, does not affect the outcome of the sweepstakes.  (Id. ¶¶ 28-29).

4.  On January 11, 2011, the County enacted Ordinance 2011-1 ("the Ordinance") which prohibits "simulated gambling devices" including the kind of promotional sweepstakes video games utilized by Plaintiffs.  (Ex. A to Compl., Doc. 1-1 at 1).

5. Plaintiffs assert that the video games at issue are protected by the Free Speech Clause of the First Amendment and that the Ordinance unconstitutionally violates Plaintiffs' First Amendment rights.

6.  Plaintiffs have made a prima facie showing that they have a substantial likelihood of succeeding on the merits of their case, see Interactive Digital Software Assoc. v. St. Louis Cnty., Mo., 329 F.3d 954, 957 (8th Cir. 2003) ("[W]e see no reason why the pictures, graphic design, concept art, sounds, music, stories, and narrative present in video games are not entitled to [First Amendment protection]"); Video Software Dealers Ass'n v. Schwarzenegger, 401 F. Supp. 2d 1034, 1044 (N.D. Cal. 2005) (finding that video games, "though mere entertainment, are nonetheless protected by the First Amendment"); and that they will suffer irreparable harm if subjected to the Ordinance, Elrod v. Burns, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury").

7. The potential harm to Defendant is outweighed by the irreparable harm to Plaintiffs.

8. Plaintiffs have a clear legal right to the relief requested.

It is therefore **ORDERED** and **ADJUDGED** as follows:

-2-

1. Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) is **GRANTED** to the extent it seeks a Temporary Restraining Order; ruling is **reserved** to the extent that it seeks a Preliminary Injunction.

2. Seminole County and officers, agents, servants, and employees, and those persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are hereby enjoined from directly or indirectly enforcing Ordinance 2011-1.

3. Plaintiff's bond is waived.  See Corrigan Dispatch Co. v. Casa Guzman, S.A., 569 F.2d 300, 303 (5th Cir. 1978) ("The amount of security required is a matter for the discretion of the trial court; it may elect to require no security at all.").

4. **On or before Wednesday, February 2, 2011, at 5:00 p.m**., Plaintiffs shall serve Defendants with all papers that have been filed in this action, including a copy of this Order, in the manner required by Federal Rule of Civil Procedure 4 for service of a summons and complaint.

5. **On or before Wednesday February 9, 2011, at 12:00 noon**, Defendants shall file and serve any briefs, affidavits, or other evidence in opposition to the Motion for Preliminary Injunction (Doc. 3).

6. Plaintiffs and Defendants shall appear on **Wednesday February 16, 2011 at 9:30 a.m.** before The Honorable John Antoon II, United States District Judge, in Courtroom #6B, George C. Young U.S. Courthouse Annex, 401 W. Central Boulevard, Orlando, Florida, for a hearing on the Motion for Preliminary Injunction (Doc. 3).  At the hearing, each side will be allowed thirty (30) minutes for oral argument.

7.   No later than three business days before the date of the scheduled hearing, counsel shall confer by telephone or in person in a good faith effort to resolve the issues raised and to narrow the contested issues that the Court must resolve.  To spare the Court unnecessary preparation, counsel who are successful in their efforts to resolve such matters by agreement shall so advise the Court jointly no later than three business days before the hearing.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 1st day of February, 2011.

Copies furnished to:
Counsel of Record
Unrepresented Party

JOHN ANTOON II
United States District Judge

**PLEASE NOTE**:  Photo I.D. is required to enter the United States Courthouse.  Also, cellular telephones and laptop computers are prohibited in the Courthouse.