**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALLIED VETERANS OF THE WORLD, INC.: AFFILIATE 67, ALLIED VETERANS OF THE WORLD, INC.: AFFILIATE 74,**

            **Plaintiffs,**

**and**

**PHONE-SWEEPS, LLC, HASSAN SALEM MALIH d/b/a EMPIRE PHONESWEEP, JACK'S BUSINESS CENTERS, LLC, and DARRELL AGOSTINO,**

            **Intervenors,**

**-vs-**                                                          Case No.  **6:11-cv-155-Orl-28DAB**

**SEMINOLE COUNTY, FLORIDA and DONALD F. ESLINGER, IN HIS OFFICIAL CAPACITY AS SHERIFF OF SEMINOLE COUNTY, FLORIDA,**

            **Defendants.**
_____

# ORDER

Plaintiffs and Intervenors challenge the constitutionality of Ordinance 2011-1 ("the Ordinance"), which was passed by Defendant Seminole County, Florida ("the County") on January 11, 2011, and which bans "simulated gambling devices" in the County. Plaintiffs and Intervenors also allege that the policy of enforcing the Ordinance instituted by Donald Eslinger in his official capacity as the Sheriff of Seminole County violates Plaintiffs' and

Intervenors' constitutional rights.

This case is before the Court on two motions filed by Sheriff Eslinger: the Motion for Summary Final Judgment (Doc. 74) and the Motion to Dismiss, Alternative Motion for Summary Final Judgment (Doc. 76). Initially, Sheriff Eslinger filed his motion for summary judgment, but the parties then seemingly agreed that Sheriff Eslinger would withdraw his motion for summary judgment and replace it with a motion to dismiss. Apparently there was some miscommunication or disagreement between the parties, however, because rather than withdraw his motion, Sheriff Eslinger simply filed an additional motion seeking dismissal. Thus, both motions remain pending before the Court.[1]

### I. Background

Plaintiffs, Intervenor Empire PhoneSweep, and Intervenor Jack's Business Centers operate internet centers in Seminole County, Florida.[2] At these internet centers, customers are able to enter promotional sweepstakes and can play a video game to discover whether they won the sweepstakes or not. These sweepstakes games appear to fall within the Ordinance's definition of "simulated gambling devices" and thus are likely banned by the

---

[1] The relevant filings include: Sheriff Eslinger's Motion for Summary Final Judgment (Doc. 74), Plaintiffs' and Intervenors' Response (Doc. 78), and Sheriff Eslinger's Reply (Doc. 80); and Sheriff Eslinger's Motion to Dismiss, Alternative Motion for Summary Final Judgment (Doc. 76) and Plaintiffs' and Intervenors' Response (Doc. 79).

[2] Intervenor Darrell Agostino is the owner of Jack's Business Centers, and Intervenor Phone-Sweeps, LLC develops software that is utilized in the sweepstakes games played at the internet centers.

Ordinance.[3]  Plaintiffs and Intervenors assert, inter alia, that the Ordinance violates their constitutional rights guaranteed by the First and Fourteenth Amendments to the U.S. Constitution.

Initially, Plaintiffs requested and were granted a temporary restraining order ("TRO") that enjoined the enforcement of the Ordinance.  (Doc. 8).  Thereafter, however, this Court denied Plaintiffs' and Intervenors' motion for a preliminary injunction and dissolved the TRO. (Doc. 46).  Once the TRO was dissolved, Sheriff Eslinger commenced enforcement efforts against Plaintiffs and Intervenors, including issuing a "Warning Notice of Code Violation" to Plaintiffs' and Intervenors' business locations.  (Second Am. Compl. ("SAC"), Doc. 68, at 24). The Warning notified Plaintiffs and Intervenors that Sheriff Eslinger believed that they were in violation of the Ordinance and advised Plaintiffs and Intervenors that they had twenty-four hours to correct the violation and that failure to do so may result in the issuance of a citation and/or referral of the matter to the code enforcement board.  (Id. at 24-25).  Subsequently, Plaintiffs and Intervenors modified their equipment and operating procedures in an effort to comply with the Ordinance, but Sheriff Eslinger has taken the position that despite the modifications, Plaintiffs and Intervenors are still in violation of the Ordinance.

**II. Motion for Summary Judgment**

    **A. Legal Standard**

---

[3] Plaintiffs and Intervenors have filed a motion for partial summary judgment (Doc. 75), seeking a declaration that their sweepstakes games do not fall within the definition of "simulated gambling device" and to enjoin enforcement of the Ordinance against them. Whether Plaintiffs' and Intervenors' games do or do not fall within that definition is not relevant to the issues addressed in this Order, and nothing discussed herein should be construed as a ruling on that issue.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). However, when faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." Sawyer v. Southwest Airlines Co., 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986)).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'" Sawyer, 243 F. Supp. 2d at 1262 (quoting Anderson, 477 U.S. at 251-52).

**B. Discussion**

Sheriff Eslinger does not dispute the essential facts as alleged by Plaintiffs and Intervenors; instead, Sheriff Eslinger asserts that even if those facts are true, he is entitled to summary judgment. First, Sheriff Eslinger asserts that he is entitled to a qualified immunity defense. Next, he asserts that Plaintiffs and Intervenors have no constitutional right to purvey simulated gambling devices and that therefore he did not violate their rights. Finally, Sheriff Eslinger asserts that he was improperly named as a defendant. Each argument will be addressed in turn.

Sheriff Eslinger's first argument–that he is entitled to qualifed immunity–fails because it is undisputed that he is sued only in his official capacity, and the defense of qualified immunity is available only to defendants who are sued in their individual capacities. Young Apartments, Inc. v. Town of Jupiter, Fla., 529 F.3d 1027, 1047 (11th Cir. 2008) ("[I]t is well-settled that qualified immunity only protects public officials from lawsuits brought against them in their individual capacity." (quotation omitted)); Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1023 n.4 (11th Cir. 2001) ("[T]he defense of qualified immunity . . . is valid only against claims asserted against a government official in her individual capacity.").[4]

Next, Sheriff Eslinger summarily states that Plaintiffs and Intervenors have no

---

[4] Sheriff Eslinger seems to assert that because, in ruling on Plaintiffs' and Intervenors' motion for preliminary injunction, this Court determined that Plaintiffs and Intervenors had not established a substantial likelihood of success on the merits of their claims, it was reasonable for him to believe that the Ordinance was constitutional and to enforce it. As far as the Court can tell, this argument is in support of his qualified immunity argument, which, as noted in the text, is irrelevant in official-capacity suits. Moreover, the denial of a preliminary injunction is not a ruling on the merits, and not all of Plaintiffs' and Intervenors' challenges to the Ordinance were before the Court at the preliminary injunction stage.

constitutional or "clearly established" right to purvey simulated gambling devices. Presumably, Sheriff Eslinger is arguing that the Ordinance does not violate Plaintiffs' or Intervenors' constiutional rights and so his enforcement of the Ordinance does not either. In support, Sheriff Eslinger merely cites to caselaw that states that the activity of gambling in general is not constitutionally protected; he makes no attempt to analyze the Ordinance or the application thereof.  As the Ordinance clearly regulates more than just traditional gambling, the Sheriff's argument is insufficient to establish that he is entitled to summary judgment.

Finally, Sheriff Eslinger argues that he is an improper defendant in this case and that suing him is wasteful and duplicative of the claims against the County.  This argument is repeated and expanded the Sheriff's motion to dismiss and will be discussed in the section addressing that motion.

### III. Motion to Dismiss[5]

#### A. Legal Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556

---

[5] Although Sheriff Eslinger's second motion is titled Motion to Dismiss, Alternative Motion for Summary Final Judgment, the arguments within the motion only address dismissal of the claims against Sheriff Eslinger.  The Court sees no reason to convert Sheriff Eslinger's motion into a motion for summary judgment and will only address it as a motion to dismiss.

U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### B. Discussion

As noted, Plaintiffs and Intervenors have sued both the County and Sheriff Eslinger in his official capacity. Sheriff Eslinger asserts that suing both him in his official capacity and the County is a waste of public resources because an official-capacity suit against him is duplicative of a suit against the County. Sheriff Eslinger additionally argues that, even if the claims are not duplicative, he is still not a proper Defendant in this case because he is not the "final policymaker" with regard to the enforcement of the Ordinance. Sheriff Eslinger's arguments are not well-taken.[6]

As a general rule, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" so long as that entity "receives notice and an opportunity to respond." Ky. v. Graham, 473 U.S. 159, 166 (1985). Furthermore, when a plaintiff is challenging one, single policy, the plaintiff should name as a defendant only the policymaker

---

[6] Significantly, Sheriff Eslinger does not address the individual counts of the SAC; instead, he makes general arguments about the entire suit. Accordingly, the Court will only address whether Sheriff Eslinger should have been named in this suit at all–not whether he is a proper Defendant in each count.

responsible for the allegedly unconstitutional policy. See Bridges v. Seminole Cnty., No. 6:07-cv-1010-Orl-28DAB, 2008 WL 638330, at *2 (M.D. Fla. Mar. 5, 2008).  On the other hand, when a complaint alleges that two or more policies are unconstitutional, then it is permissible to name as defendants each of the policymakers responsible for each of the policies. Id.

In this case, Plaintiffs and Intervenors have challenged two separate, although related, policies.  The first "policy" that Plaintiffs and Intervenors challenge is the Ordinance itself, and the County is the proper "policymaker" to defend a constitutional challenge to one of its ordinances.  The second policy is the policy of enforcing the Ordinance.  Plaintiffs and Intervenors assert that Sheriff Eslinger is the policymaker responsible for the enforcement policy; Sheriff Eslinger asserts that it is either the County itself or the County's Code Enforcement Board ("the CEB").

Sheriff Eslinger's argument is based on the fact that failure to comply with the Ordinance could result in the matter being turned over to the CEB and that the CEB, in turn, would have the authority to impose administrative fines or other noncriminal penalties.  As Plaintiffs and Intervenors point out, however, the Sheriff is also authorized to issue citations directly without turning the matter over to the CEB.  Furthermore, even if a matter is ultimately turned over to the CEB, Sheriff Eslinger concedes that he at least sets the policies for initiating the enforcement.  (Doc. 76 at 14).  Thus, as alleged by Plaintiffs and Intervenors, Sheriff Eslinger is the policymaker for the allegedly unconstitutional enforcement of the Ordinance.  Accordingly, Sheriff Eslinger is a proper Defendant in this suit.

**IV. Conclusion**

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that Sheriff Eslinger's Motion for Summary Final Judgment (Doc. 74) and his Motion to Dismiss, Alternative Motion for Summary Final Judgment (Doc. 76) are **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 30th day of July, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party