UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PHONE-SWEEPS, LLC, HASSAN SALEM MALIH d/b/a EMPIRE PHONESWEEP, JACK'S BUSINESS CENTERS, LLC, and DARRELL AGOSTINO,**

      **Intervenor-Plaintiffs,**

v.                                        Case No:  6:11-cv-155-Orl-28GJK

**SEMINOLE COUNTY, FLORIDA, and DONALD F. ESLINGER, in his official capacity as SHERIFF OF SEMINOLE COUNTY, FLORIDA,**

      **Defendants.**

_____/

**ORDER**

This case is before the Court on Intervenors' Objections to and Motion for Reconsideration of Magistrate Judge's Discovery Order of May 2, 2012 (Doc. 140) and Seminole County's ("Defendant") Response (Doc. 149).  Intervenors make four objections to the May 2 Discovery Order (Doc. 133):  (1) that a clerical error was made with respect to the ruling on Document Request No. 40 ("Objection One"); (2) that the ruling on Intervenors' Motion for Protective Order (Doc. 109) failed to place a clear prohibition on disclosure of protected information during the five-day response period ("Objection Two"); (3) that the magistrate judge improperly found that Intervenors partially waived their objections to certain discovery requests ("Objection Three"); and (4) that the Order incorrectly required Intervenors to produce financial documents ("Objection Four").

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, within ten days after receiving a nondispositive order issued by a magistrate judge, a party may file objections to the order. The district court must consider the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A) (providing that a district judge may reconsider a pretrial matter decided by a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). A finding is clearly erroneous "when the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." Krys v. Lufthansa German Airlines, 119 F.3d 1515, 1523 (11th Cir. 1997). "[A]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Tolz v. Geico Gen. Ins. Co., No. 08-80663, 2010 WL 384745, at *2 (S.D. Fla. Jan. 27, 2010).

With respect to Objections Three and Four, the Court concludes that the rulings objected to are not clearly erroneous or contrary to law. Intervenors' Motion for Reconsideration is therefore **DENIED** with respect to Objections Three and Four.

Intervenors' first two objections, however, are well-taken. Defendant has conceded that the part of the Order requiring Intervenors to produce documents in response to Request No. 40 appears to be a clerical error. (Doc. 149 at 11-12). The Order states that Request No. 40 was "overly broad and not reasonably calculated to lead to the discovery of admissible evidence," (Order at 22), and that "the motion[] to compel as to . . . Intervenors' Request Nos. 15, 17, 24, 38, and 40 [is] **DENIED**." (Id. at 18 n.11). However, the list of specific relief granted at the end of the Order mistakenly

states that the Defendant's Motion to Compel is *granted* with respect to Request No. 40. (Id. at 33). The Court hereby clarifies that the Motion to Compel (Doc. 109) is **DENIED** with respect to Request No. 40.

Defendant also concedes that it does not read the Order as permitting disclosure of information under the Public Records Act during the required five-day response period. (Doc. 149 at 12). The Order states that "[u]pon receiving a public records request seeking information subject to this protective order, Seminole County shall immediately serve . . . Intervenors with a copy of the request and . . . Intervenors shall have five (5) days to either permit or object to the disclosure, seeking relief from a Court if necessary." (Id.). Intervenors argue that the Order should be modified to make explicit that Seminole County may not disclose protected information within the five-day response period. The Court hereby clarifies that Seminole County may not disclose information subject to the Court's protective order during the five-day response period.

In accordance with the foregoing, it is hereby **ORDERED** and **ADJDUGED** that Intervenors' Motion for Reconsideration (Doc. 140) is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** with respect to correcting the magistrate judge's ruling on Request No. 40 and with respect to clarifying that Seminole County may not disclose information subject to the Court's protective order during the five-day response period. The motion is **DENIED** in all other respects.

**DONE** and **ORDERED** in Orlando, Florida on December 14, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:

Counsel of Record