**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PHONE-SWEEPS, LLC; HASSAN
SALEM MALIH d/b/a EMPIRE
PHONESWEEP; JACK'S BUSINESS
CENTERS, LLC; and DARRELL
AGOSTINO;

      Intervenor-Plaintiffs.

-vs-                                       Case No. 6:11-cv-155-Orl-28GJK

SEMINOLE COUNTY, FLORIDA, and
DONALD ESLINGER, in his official
capacity as Sheriff of Seminole County,
Florida,

      Defendants.

## ORDER

This cause is before the Court on Intervenor-Plaintiffs' Motion for Voluntary Dismissal (Doc. 176), which is opposed by the Defendants, (see Docs. 177 & 178). The assigned United States Magistrate Judge has issued a Report (Doc. 192) recommending that the motion be granted based on mootness of the case due to Intervenor-Plaintiffs' cessation of business operations and that the case be dismissed for lack of subject matter jurisdiction. Defendants have filed Objections (Docs. 193 & 194) to the Report, and Intervenor-Plaintiffs have filed Responses (Docs. 195 & 196) to those Objections.

Having considered the Report and the record, including but not limited to the Objections filed by Defendants and the Responses filed by Intervenor-Plaintiffs, the Court agrees with the recommendation in the Report that the case be dismissed based on mootness. Accordingly, the case will be dismissed for lack of subject matter jurisdiction.

The procedural history of this case is recounted in the Report and will only briefly be restated here. This lawsuit was filed on February 1, 2011, by Plaintiffs Allied Veterans of the World, Inc.: Affiliate 67 and Allied Veterans of the World, Inc.: Affiliate 74. Plaintiffs challenged the constitutionality of a Seminole County ordinance and requested a declaratory judgment and injunctive relief. With permission of the Court, Intervenor-Plaintiffs intervened on February 14, 2011, and the Sheriff was added as a Defendant in the Second Amended Complaint that was filed on July 27, 2011. On May 15, 2012, Plaintiffs filed a motion for voluntary dismissal. Defendants opposed that motion, but the Court granted that motion on October 19, 2012, dismissing the case as to Plaintiffs without prejudice. Intervenor-Plaintiffs remained in the case.

On January 22, 2013, Seminole County amended the ordinance at issue, and on February 11, 2013, Intervenor-Plaintiffs filed the Motion for Voluntary Dismissal that is now before the Court. In that motion, Intervenor-Plaintiffs assert that the amendment to the ordinance rendered at least some of their claims moot; that the amendment rendered much of the discovery and other work in this case of little utility; that the Defendants had not filed a counterclaim in this action; and that Defendants would suffer no legal prejudice from the voluntary dismissal of this case. (Doc. 176 at 1-2). Defendants oppose the motion, arguing that the amendment to the ordinance at most moots only one of the ten claims in this case. Defendants also argue that the amendment does not diminish the value of the discovery and other legal work that has been done in this case and that they "would suffer clear legal prejudice" if the motion is granted. (Doc. 177 at 2).

In February 2013, Intervenor-Plaintiffs ceased operating and closed their businesses.

(See, e.g., Doc. 180 & Attachs.; Doc. 186). On April 11, 2013, this Court took judicial notice of the fact that on April 10, 2013, the Governor of the State of Florida signed into law CS/HB 155—a statutory provision that relates to issues in this case—and scheduled a hearing to address whether this case should be dismissed in light of this new state law. (Order, Doc. 184). That hearing was held on April 29, 2013. (Mins., Doc. 189; Hr'g Tr., Doc. 197).

At the hearing, counsel for Seminole County agreed that the case should be dismissed but candidly stated that it "care[s] about how the case is terminated because . . . the decision [the Court makes] on how it gets terminated will have an impact on the possibility of an award of fees and costs." (Doc. 197 at 4). The County argued that the case should be dismissed subject to the condition of an award of attorney's fees and costs to both the County and the Sheriff. (Id. at 5). The County asserted that "the case could be considered moot, not as a result of any amendment to the ordinance, not as a result of the amendment to the state statute, but solely as a result of the [Intervenor-Plaintiffs'] own acts in closing their businesses and leaving Seminole County. Certainly the [Intervenor-Plaintiffs'] acts in that regard under applicable law could be determined to moot the case." (Id.). The County argued that the Court "should either grant the voluntary dismissal with conditions or find it moot because the [Intervenor-Plaintiffs] have withdrawn." (Id. at 11).

Meanwhile, Intervenor-Plaintiffs' Motion for Voluntary Dismissal had been referred to the magistrate judge for issuance of a Report and Recommendation.[1] The magistrate judge

---

[1] The motion was referred to the magistrate judge on March 8, 2013. (See Doc. 192 at 6). The Court assumes that when the parties appeared before the undersigned for the show cause hearing on April 29 they were not aware that the motion had been referred.

issued his Report on August 6, 2013. (Doc. 192) In the Report, the magistrate judge concluded that this case is moot based on Intervenor-Plaintiffs' cessation of business as of February 2013. In light of that finding of mootness, the Report found it unnecessary to address whether the case was moot based on the amended ordinance. (See id. at 12 n.10). The Report did not address the issue of the effect of the state statute either. (See id. at 7 n.8).

In their Objections to the magistrate judge's Report, Defendants argue in part that the magistrate judge improperly relied on Intervenor-Plaintiffs' cessation of business operations as the basis for mootness, asserting that the magistrate judge "ruled on matters outside the scope of his referral and on grounds not raised in Intervenor-Plaintiff's Motion for Voluntary Dismissal." (Doc. 193 at 2). This argument is surprising. Although Defendants are technically correct that the only basis argued in the motion was the amended ordinance—because that was the only basis that existed at the time the motion was filed—in their show cause response (Doc. 186) and at the show cause hearing Intervenor-Plaintiffs plainly addressed this basis for dismissal, along with the third basis—the new state statute—that had been raised by the Court itself. Furthermore, Defendants agreed at the hearing that Intervenor-Plaintiffs' cessation of business mooted the case—indeed, they urged the Court to find the case moot on that basis rather than because of either of the legislative enactments.

Moreover, aside from these issues being raised at the hearing, federal courts have an ongoing obligation to examine their own subject matter jurisdiction, and the magistrate judge did not act improperly in doing so based on the information he had before him in the

record reflecting that the case was moot for a reason not raised in the motion that was referred to him. As explained in the Report, the case is moot for at least one undisputed reason—the cessation of business operations—and that reason in and of itself is sufficient to compel dismissal of the case without resolving the disputed reasons that might also establish mootness. Again, Defendants are technically correct that this reason is outside the four corners of Intervenor-Plaintiffs' motion; accordingly, the case will be dismissed as moot and the motion for voluntary dismissal—which raised only the issue of the effect of the amended ordinance—will be denied as moot. Defendants' other objections to the magistrate judge's Report have been considered and are overruled.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 192) is **ADOPTED** insofar as it recommends dismissal of this case based on mootness due to Intervenor-Plaintiffs' cessation of business operations.

2. This case is **DISMISSED** for lack of subject matter jurisdiction.

3. The Motion for Voluntary Dismissal (Doc. 176) is **DENIED as moot**.

4. The Clerk shall close this case.

**DONE** and **ORDERED** in Orlando, Florida this _____ day of September, 2013.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record